IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANGELIA WRIGHT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 115-024 |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 23.) After thorough consideration of the grounds of error alleged in Plaintiff's briefing, ranging from the ALJ's failure to assign proper weight to medical opinions, to his failure to find Plaintiff met Listing 12.05C, the Magistrate Judge recommended the ALJ's final decision be affirmed because it was based on substantial evidence. (See doc. no. 21.) Plaintiff objected to the R&R, restating numerous arguments the Magistrate Judge already addressed at length in the R&R, and accordingly, only one argument bears further analysis.

Plaintiff asserts neither the Acting Commissioner nor the Magistrate Judge addressed her argument the ALJ should have recontacted Physician Assistant Shauntae Johnson if the ALJ needed to resolve inconsistencies or insufficiencies within her opinion. (Doc. no. 23, p. 3.) Conclusively, 20 CFR §§ 416.920b(b) and 404.1520b(b) state, "if any of the evidence in

your case record, including any medical opinions [are] inconsistent, we will weigh the relevant evidence and see whether you are disabled based on the evidence we have." Thus, the mere determination a medical opinion is inconsistent does not require an ALJ recontact the source before discounting that evidence. Hale v. Colvin, No. CIV.A. 14-00222-CG-N, 2015 WL 3397939, at *10 (S.D. Ala. Apr. 24, 2015), report and recommendation adopted, No. CIV.A. 14-0222-CG-N, 2015 WL 3397628 (S.D. Ala. May 26, 2015); Parker v. Colvin, No. 2:11-CV-02682-RDP, 2013 WL 5411710, at *7 (N.D. Ala. Sept. 26, 2013) ("[ALJ] was not required to recontact [physician] merely because he found her medical source statement was contradicted by her treatment notes."). In the event a medical opinion is insufficient to determine if a claimant is disabled, the ALJ has discretion and "*may* recontact [the source]," Hale, 2015 WL 3397939 at *10 (emphasis in original); Alvarado v. Colvin, No. 15-62283-CIV, 2016 WL 3551482, at *13 (S.D. Fla. June 30, 2016) ("Because the totality of the medical evidence was sufficient for the ALJ to make her conclusion, the ALJ was not required to recontact [the medical source].").

Here, as the Magistrate Judge correctly determined, substantial evidence within the existing medical record, including PA Johnson's own treatment notes, suggested Plaintiff was not disabled. (Doc. no. 21, p. 9.) Accordingly, the ALJ was not required to recontact PA Johnson to resolve inconsistencies or insufficiencies in her medical source statement. See Parker, 2013 WL 5411710 at *7. Accordingly, Plaintiff's contention the ALJ erred by failing to recontact PA Johnson does not provide a basis for remand.

Because Plaintiff's objections do not warrant deviation from the Magistrate Judge's R&R, the Court **OVERRULES** the objections, **ADOPTS** the Report and Recommendation

2

of the Magistrate Judge as its opinion, **AFFIRMS** the Acting Commissioner's final decision, **CLOSES** this civil action, and **DIRECTS** the Clerk to enter final judgment in favor of the Acting Commissioner.

SO ORDERED this 26th day of August, 2016, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA